UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

───────────────────────────────────────

KWALITY FOODS LLC,

                                  24-cv-3260 (PKC)

                Plaintiff,

    v.

                                  ORDER

BABCO FOODS INTERNATIONAL LLC, et al.,

                Defendant.

───────────────────────────────────────

CASTEL, United States District Judge.

        Following the Court's ruling on plaintiff's motion for a preliminary injunction on September 4, 2024, the Court gave the parties the opportunity to argue the pending motions to dismiss. The Court need only be brief and assumes knowledge of the background of the action and the allegations of the operative Complaint and its predecessor pleadings. Everest and Pure moved to dismiss pursuant to Rules 12(b)(5) & (6), Fed. R. Civ. P., asserting insufficient service of process and failure to state a claim. Defendant Babco Foods International LLC ("Babco") moves to dismiss for failure to state a claim pursuant to Rule 12(b)(6), Fed. R. Civ. P.

Defendants Everest and Pure Were Properly Served

        Defendant Everest Holdings Ltd. ("Everest") was served with the civil cover sheet, summons, and original complaint on June 10, 2024 by delivery of a package containing the foregoing by Federal Express addressed to the Legal Department of Everest Holdings Ltd. in Dubai, AE, sent by the Clerk of Court. The package was signed for by J. Join Joy. (ECF 24 & 26 at 2.) Defendant Pure Ice Cream Co., LLC ("Pure") was served with a package with the same

1

contents on June 12, 2024 to the Legal Department of Pure Ice Cream Co. L.L.C. in Sharah, AE, sent by the Clerk of Court and signed for by R. Rajpal. (ECF 23 & 27 at 2.)

Everest and Pure moved to dismiss pursuant to Rules 12(b)(5) & (6), Fed. R. Civ. P., asserting insufficient service of process and failure to state a claim. Everest and Pure do not deny receipt of the service package nor deny knowledge of the pendency of the action.

Plaintiff asserted in the certificates of service that service was proper under Rule 4(f)(2), Fed. R. Civ. P. In its briefing in opposition to the motion, plaintiff clarifies that it is relying on Rule 4(f)(2)(C)(ii):

> (f) Serving an Individual in a Foreign Country. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
>
> > (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
> >
> > > (C) unless prohibited by the foreign country's law, by:
> > >
> > > > (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt. . . .

Everest and Pure do not deny that the UAE, where both defendants are located, is not party to the Hague Convention and do not contend that the UAE has some other agreement with the United States on service of process. Everest and Pure assert that UAE law does not permit service by a mailing by the Clerk of Court to the individual requiring a signed receipt. (ECF 64 at 8-9; ECF 65 at 8-9.)

But the text of the Rule does not require that the means be expressly allowed. Indeed, if express allowance was required, Rule 4(f)(2)(C) would be redundant because Rule 4(f)(2)(A) permits service "as prescribed by the foreign country's law for service in that

2

country in an action in its courts of general jurisdiction." The better interpretation is that the phrase "unless prohibited by the foreign country's laws" means that there is some manifest, express, explicit, or overt objection to the manner of service outlined in Rule 4(f)(C). See S.E.C. v. Alexander, 248 F.R.D. 108, 111 (E.D.N.Y 2007) (citing Resource Ventures Inc. v. Resources Management International Inc., 42 F. Supp. 2d 423, 430 (D. Del. 1999)). Everest and Pure rely upon UAE Decree-Law 42 of 2022 (Promulgating the Civil Procedure Code) which in Articles 6, 8 and 9 discusses manner of service.[1] (ECF 64 at 8-10; ECF 65 at 8-10.)

There is no dispute that the means outlined in Rule 4(f)(2)(C)(ii), Fed. R. Civ. P., is neither expressly allowed nor expressly prohibited. Because it is not prohibited, the Court concludes that it is permitted.

Each of the Four Claims State a Claim for Relief

Everest and Pure also argue that the four claims in the First Amended Complaint fail to state claims for relief. Defendant Babco makes a similar argument addressed to a prior version of the Complaint which the Court construes as addressed to the First Amended Complaint.

There is no basis for dismissing any of the four claims. The only federal claim (Count One) is brought under the Lanham Act, specifically under 15 U.S.C. § 1125(a). "Section 43(a) is a broad federal unfair competition provision which protects unregistered trademarks similar to the way that section 32(1) . . . protects registered marks." Chambers v. Time Warner, Inc., 282 F.3d 147, 155 (2d Cir. 2002) (citations omitted). To prevail on a claim under section 43(a), a "plaintiff must demonstrate that it has a valid mark entitled to protection and that the

---

[1] See Federal Decree-Law No. (42) of 2022 Promulgating the Civil Procedure Code, https://uaelegislation.gov.ae/en/legislations/1602/download (last visited Sept. 6, 2024).

defendant's use of it is likely to cause confusion." Time, Inc. v. Petersen Publishing Company, L.L.C., 173 F.3d 113, 117 (2d Cir. 1999) (internal quotation marks and citation omitted). Because plaintiff does not have a registered trademark, it must plausibly allege that the mark is capable of registration under 15 U.S.C. § 1052(b). See Trombetta v. Novocin, 414 F. Supp. 3d 625, 630 (S.D.N.Y. 2019) (Abrams, J.) (citation omitted) ("An unregistered mark is protectable if it would qualify for protection as a registered trademark under § 2 of the Lanham Act, 15 U.S.C. § 1052(b).").

In the context of the Court's denial of the preliminary injunction, the Court found that plaintiff was not likely to prevail in showing that the mark is protectable. But that finding in the preliminary injunction context does not undermine the allegations of the operative complaint, which more than adequately states a claim.

Plaintiff also brings three claims under New York law: unfair competition and trademark infringement under New York common law (Count Two), injury to business reputation under N.Y. Gen Bus. Law § 360-l (Count Three), and misappropriation under New York unfair competition law (Count Four).

New York common law recognizes "two theories of common-law unfair competition: palming off and misappropriation." ITC Ltd. v. Punchgini, Inc., 9 N.Y.3d 467, 476 (2007); see also Bytemark, Inc. v. Xerox Corp., 342 F. Supp. 3d 496, 505-06 (S.D.N.Y. 2018) (Gardephe, J.) (discussing theories of unfair competition under New York law). Palming off is the "sale of the goods of one manufacturer as those of another." ITC Ltd., 9 N.Y.3d at 476 (footnote omitted). The second theory prohibits individuals from "misappropriat[ing] the results of the skill, expenditures, and labors of a competitor . . . ." Id. at 477. "New York's law of unfair competition is a 'broad and flexible doctrine that depends more upon the facts set forth . . .

4

than in most causes of action.'" Telecom International America, Ltd. v. AT & T Corp., 280 F.3d 175, 197 (2d Cir. 2001) (quoting Roy Export Company Establishment of Vaduz, Liechtenstein v. Columbia Broadcasting System, Inc., 672 F.2d 1095, 1105 (2d Cir. 1982) (alteration in original)); see also LivePerson, Inc. v. 24/7 Customer, Inc., 83 F. Supp. 3d 501, 519 (S.D.N.Y. 2015) (Sweet, J.) ("A claim for unfair competition requires the pleading of facts giving rise to a plausible inference that the defendant, acting in bad faith, misappropriated the plaintiff's labor and expenditures to gain a commercial advantage or maliciously interfered with the plaintiff's good will.").

In addition, a New York state law claim of unfair competition requires a showing of bad faith. Genesee Brewing Co. v. Stroh Brewing Co., 124 F.3d 137, 149 (2d Cir. 1997). Count Two plausibly alleges a claim for palming off by alleging likely confusion, mistake, or deception as to origin sponsorship or approval. (ECF 55 ¶ 86.) Count Four adequately and plausibly alleges misappropriation of goodwill and commercial advantage in New York by misappropriating the skills, labor and expenditures of plaintiff. (Id. ¶¶ 97-98.) Count Two and Count Four also allege bad faith. (Id. ¶¶ 90, 99.)

N.Y. Gen. Bus. Law § 360-l provides, "Likelihood of injury to business reputation or of dilution of the distinctive quality of a mark or trade name shall be a ground for injunctive relief in cases of infringement of a mark registered or not registered or in cases of unfair competition, notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services." New York law does not require a mark to be famous for protection to apply, and it "does not permit a dilution claim unless the marks are 'substantially' similar." Tiffany (NJ) Inc. v. eBay Inc., 600 F.3d 93, 111 (2d Cir. 2010) (citation omitted) (comparing New York and federal anti-dilution law); see also Biosafe–

One, Inc. v. Hawks, 639 F.Supp.2d 358, 367 (S.D.N.Y. 2009) (Chin, J.), affirmed, 379 F. App'x 4 (2d Cir. 2010) (summary order) (quoting Matter of Fireman's Association of State of New York v. French American School of New York, 41 A.D.3d 925 (3d Dep't 2007)) (a plaintiff suing under the New York statute must prove "'(1) that it possess[es] a strong mark[,] one which has a distinctive quality or has acquired a secondary meaning such that the trade name has become so associated in the public's mind with the [plaintiff] that it identifies goods sold by that entity as distinguished from goods sold by others, and (2) a likelihood of dilution by either blurring or tarnishment'").

To determine dilution by blurring, New York dilution law looks to "(i) the similarity of the marks; (ii) the similarity of the products covered; (iii) the sophistication of the consumers; (iv) the existence of predatory intent; (v) the renown of the senior mark; and (vi) the renown of the junior mark." New York Stock Exchange, Inc. v. New York, New York Hotel LLC, 293 F.3d 550, 558 (2d Cir. 2002) (citation omitted). Here, at the pleading stage, plaintiff has adequately and plausibly alleged that the accused products are inferior, that a low level of sophistication is required to purchase the product, that defendants acted in bad faith, and there has been "dilution of the KWALITY Mark through tarnishment." (ECF 55 ¶¶ 93-94.)

CONCLUSION

The motions to dismiss are denied. The Clerk is requested to terminate the motions at ECF 34, 64, and 65.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
September 9, 2024

6