UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------

KWALITY FOODS LLC,

         Plaintiff,

  v.

BABCO FOODS INTERNATIONAL LLC, et al.,

         Defendants.
-----------------------------------------------------------

24-cv-3260 (PKC)

ORDER

CASTEL, United States District Judge.

  Plaintiff's approach to litigating this case has already caused delays. The action was commenced on April 29, 2024, but plaintiff did not seek leave to file a preliminary injunction motion on facts long known to it until June 21, 2024. (ECF 31.) The Court held a preliminary injunction hearing, and the motion was denied. (Minute Entry of September 4, 2024.)

  The Court held a pretrial conference on June 24, 2024 and at that time the Court offered plaintiff leave to amend its complaint and the plaintiff declined. (See Minute Entry of June 24, 2024.) The Court granted plaintiff permission to move to amend its complaint within 7 days of receiving defendants' motion to dismiss. (Id.) Plaintiff did not avail itself of that offer.

  Thereafter, plaintiff sought leave to amend its complaint against defendants Everest and Pure. (ECF 41 & 42.) In an Order of July 24, 2024, the Court granted plaintiff's application. (ECF 44.) Plaintiff filed an amended pleading on August 5, 2024. (ECF 55.)

  The Court entered a Civil Case Management Plan and Scheduling Order on September 9, 2024. It provided at paragraph 3 that "[a]ny motion to amend or join additional parties shall be filed within 30 days from the date of this Order." (ECF 80.) On October 8,

1

2024, plaintiff sought leave to amend its complaint to add claims for cancellation of certain marks held by defendant Everest and to add a claim under N.Y. General Business Law section 360-k. (ECF 88.) There is no suggestion by plaintiff that it did not know of the availability of these claims at the outset of this litigation. Indeed, defendant's marks featured prominently on the preliminary injunction motion.

Three days after seeking leave to amend, plaintiff separately sought leave to dismiss Everest's counterclaims. (ECF 89.)

Defendant complains of plaintiff's dilatory tactics but now seeks to amend its counterclaims and join additional parties. (ECF 91.) Defendant asserts that it may do so as of right because it has sought to do so within 21 days of the filing of the counterclaims. Alternatively, it seeks leave to do so.

Plaintiff shall file its motion to amend withing 14 days, annexing a marked-to-show-changes version of its amended pleading. Within 14 days of the filing of plaintiff's motion, defendant shall respond and may assert its claim to amend the counterclaims as of right or seek leave to do so; defendant shall submit a marked-to-show-changes version of its amended pleading. Within 14 days of defendant's submission, plaintiff may reply with respect to its motion to amend and respond to defendant's motion. Within 14 days thereafter, defendant may reply solely with respect to the filing of an amended counterclaim.

The parties seem determined to wage a costly war of attrition over a frozen dessert item in a niche market. **The clients ought to reign in their counsel. The Court once again urges the parties to proceed to mediation, which is offered without charge in the Court-annexed program.**[1] Counsel is directed to furnish a copy of this Order to their

---

[1] The parties are, of course, welcome to retain a private mediator.

2

respective clients and confirm that they have done so in a letter to the Court sent via Chambers' email.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
October 18, 2024