## In the United States District Court
## For the Southern District of New York

| | | |
|---|---|---|
| Kwality Foods LLC, | § | |
|    Plaintiff | § | |
| | § | Civil Action: 1:24-cv-3260 (PKC) |
| v. | § | |
| | § | (Jury Demanded) |
| Babco Foods International LLC, *et al.* | § | |
| | § | |
|    Defendants | § | |

### Stipulated Protective Order

THE COURT FINDS that Kwality Foods LLC, Babco Foods International LLC, Everest Holdings Ltd., and Pure Ice Cream Co. LLC (each a "Party" and collectively the "Parties") have agreed to this Protective Order governing the protection of confidential information and tangible things in the above-captioned litigation (i.e., otherwise "action" or "case").

THE COURT ORDERS the Parties, subject to further orders of the Court, to adhere to the following terms for the protection of confidential information and tangible things.

## 1.    Purposes and Limitation

1.1.    Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, trade secret, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

1.2.    This Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords from public disclosure and use extends only to the limited information and tangible things that are entitled to confidential treatment under the applicable legal principles.

## 2.    <u>Definitions</u>

2.1.    Challenging Party: A Party or Non-Party that challenges the designation or non-designation of Disclosure or Discovery Material under this Order.

2.2.    Competitor: The term's ordinary meaning in the context of the subject matter of the Parties' respective businesses.

2.3.    Confidential Protected Material: Protected Material (regardless of how it is generated, stored or maintained) that qualifies for protection under FED. R. CIV. P. 26(c), or the disclosure of which may cause harm to a Party or Non-Party.

2.4.    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.5.    Designating Party: A Party or Non-Party that designates, or that has a reasonable expectation of the right to designate, Protected Material as Confidential Protected Material or Highly Confidential Protected Material.

2.6.    Disclosure or Discovery Material: All information and tangible things, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, documents, testimony and transcripts), that are produced, disclosed or used in this action.

2.7.    Expert: A person with specialized knowledge or experience in a matter pertinent to this action who (1) has been retained by a Party or its Counsel to serve as a testifying or consulting expert in this action, (2) is not a current employee or contractor of a Party or of a Party's competitor, (3) has not been an employee of or contractor of a Party at any point during the previous five years, and (4) at the time of retention, is not anticipated to become an employee or contractor of a Party or of a Party's competitor.

2.8.    Highly Confidential Protected Material: Confidential Protected Material, the disclosure of which to another Party or Non-Party would create a substantial risk of harm that could not be avoided by less restrictive means, including but not limited to: proprietary design and development materials for products and/or services, sensitive products and/or services, and strategic decision-making information.

2.9.    House Counsel: Attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10.   Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11.   Outside Counsel of Record: Attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party.

2.12.   Party: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13.   Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14.   Professional Vendors: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors as well as e-discovery vendors and discovery contract attorneys.

2.15.  Protected Material: any Disclosure or Discovery Material that qualifies for protection under this Protective Order.

2.16.  Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.  <u>Scope</u>**

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material, (2) all copies, excerpts, summaries, or compilations of Protected Material, and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. The protections conferred by this Order do not cover the following information: any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain, including through trial or otherwise, after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, another Court's Order, unlawful conduct, or a breach of a confidentiality obligation to the Designating Party. However, if the accuracy of information is confirmed only through the review of Protected Material, then the information will not be considered to be in the public domain. For example, unsubstantiated media speculations or rumors that are later confirmed to be accurate through access to Protected Material are not "public domain" information. Such information is included in the definition of "Protected Material" set forth in §2.15 above. Any use of Protected Material at trial will be governed by a separate agreement or order.

4.    **Duration**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice, and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law and the time limits for filing a petition for writ of certiorari to the Supreme Court of the United States, if applicable.

5.    **Designating Protected Material**

5.1.    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates Disclosure or Discovery Material for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. If it comes to a Designating Party's attention that Disclosure or Discovery Material that it designated for protection does not qualify for protection at all or does not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing or revising the mistaken designation.

5.2.    Manner and Timing of Designations. Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

---

5.2.1.  For Protected Material in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material. For Protected Material that is produced in native electronic format, the designation legend must be included in the file name and on any slipsheets when produced, and any Party when printing such Protected Material must affix the designated legend to each page of the printed copy.

5.2.2.  For testimony given in deposition or other pretrial hearing, that the Designating Party either (1) identifies on the record or (2) identifies, in writing, within thirty (30) business days of receipt of the final transcript by notifying all Parties in writing of the transcript(s) and/or page and line number that must be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." To the extent a deponent gives testimony regarding exhibits that are designated Protected Material, unless the Parties agree otherwise, that testimony must be treated in accordance with the level the Protected Material was designated regardless of whether the testimony itself receives express designation at or after the deposition. Parties shall give the other Parties notice if they reasonably expect a deposition or other pretrial proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of Protected

Material as an exhibit at a deposition or other pretrial proceeding will not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." During the thirty (30) business day period for designation, Parties shall treat any transcript that was not designated on the record as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety. After the expiration of that period or of such earlier time that such transcript is designated, the transcript and/or portions of the transcript will be treated only as actually designated.

5.2.3.  For Protected Material produced in some form other than documentary and for any tangible things, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the Protected Material is produced or disclosed the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

5.2.4.  If a Party obtains any documents or information of another Party that it knows or has reason to believe was taken or leaked without permission, prior to any access, disclosure or use of such documents or information, the obtaining Party must provide the other Party with an opportunity for review of the material for determination of confidentiality and designation under this Protective Order as well as any applicable privileges or protections from discovery. If the Designating Party designates any Protected Material, §5.3, below, will apply to govern such Protected Material.

5.3.   Inadvertent Failures to Designate. An inadvertent failure to designate qualified Disclosure or Discovery Material does not waive the Designating Party's right to secure protection under this Order for such material, provided that the Designating Party shall use best efforts to provide written notice to all non-producing Parties within seven (7) days of discovery of the inadvertent failure to designate by Outside Counsel of Record for the Designating Party, and in no event later than twenty-eight (28) days of such discovery. Upon correction of a designation, the Receiving Party must make all reasonable efforts to assure that the material is treated in accordance with the provisions of this Order, which may require a Party to withdraw access to Protected Material that was given to a person who would not be authorized to have access under the new designation. Within a reasonable time after the correction of a designation, a Receiving Party must provide notice to the Designating Party of all persons who received access to the Protected Material but who are no longer authorized to have access under the new designation. Disclosure of Protected Material to persons who are no longer authorized to have access under the new designation prior to receipt of the new designation shall not be deemed a violation of this Order.

In the event that a Producing Party inadvertently fails to designate Protected Material, the Producing Party shall use reasonable efforts to provide written notice within seven (7) days of discovery of such inadvertent production by Outside Counsel of Record (the "Inadvertent Production Notice"), but in no event shall provide such notice later than twenty-eight (28) days of such discovery, and shall reproduce copies of the Protected Material that are labeled with the appropriate confidentiality designation. Upon receipt of an Inadvertent

Production Notice and properly labeled Protected Material, the Receiving Party shall promptly destroy the inadvertently produced Protected Material and all copies thereof or return such together with all copies of such Protected Material to counsel for the Producing Party. Should the Receiving Party choose to destroy such inadvertently produced Protected Material, the Receiving Party shall notify the Producing Party in writing of such destruction within fourteen (14) calendar days of receipt of the Inadvertent Production Notice and properly labeled Protected Material.

5.4.    Inadvertent Disclosure of Privileged Material or Attorney Work Product. The production of any information, document, or thing in this litigation shall not constitute a waiver of any attorney-client or work-product privileges that may be asserted by the Producing Party or Designating Party either in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). When the production or disclosure of any information, document, or thing protected by attorney-client or work-product privileges is discovered by or brought to the attention of the Producing Party or Designating Party, the treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). That treatment shall be deemed to comply with any obligations the Producing Party or Designating Party would otherwise have had pursuant to Fed. R. Evid. 502(b) or under the common law. However, nothing herein restricts the right of the Receiving Party to challenge the Producing Party's or Designating Party's claim of attorney-client or work-product privileges after receiving notice of the

production or disclosure of any information, document, or thing that is subject to a claim of attorney-client or work-product privileges.

## 6.    **Challenging Confidentiality Designations**

6.1.    Timing of Challenges. Any Party may challenge a designation of confidentiality or non-designation at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order. The Parties must attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within fourteen (14) calendar days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first

or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3.    Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall submit a Discovery Dispute Letter-Motion with the Court within ten (10) business days of the Parties' meet and confer requesting a pre-motion discovery conference pursuant to Local Civil Rule 37.2, or any other procedure as ordered by the Court. The Designating Party shall respond within four (4) business days, unless a different time period is ordered by the Court. The Challenging Party's failure to file its challenge with the Court will result in the Protected Material being designated as requested by the Designating Party. The Designating Party may also bring a letter-motion relating to its designation. The burden of persuasion in any such challenge is on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

## 7.    **Access to and use of Protected Material**

7.1.    Basic Principles.

7.1.1.    A Receiving Party may use Protected Material only for prosecuting, defending, or attempting to settle this litigation and associated appeals.

7.1.2.    Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

7.1.3.  A Receiving Party must comply with the provisions of §12 for the Duration of this Order.

7.1.4.  A Receiving Party must store and maintain Protected Material at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2.  Data Security of Protected Material. Any Receiving Party or any person in possession of or transmitting of another Party's Protected Material must maintain a written information security program that includes reasonable administrative, technical, and physical safeguards designed to protect and secure the Protected Material from loss, misuse, unauthorized access and disclosure, and protect against any reasonably anticipated threats or hazards to the security of the Protected Material. Reasonable administrative, technical, and physical safeguards may include, but are not limited to: utilization of Secure File Transfer Protocol (SFTP), Secure Sockets Layer (SSL), or Virtual Private Network (VPN) technologies when transferring files; encryption of the data when data is being transferred to the Receiving Party; encryption of the data when data is at rest when being stored by the Receiving Party; controlled access to the files themselves (*e.g.*, background checks for personnel handling the data stored in servers, rooms, etc.); an audit trail that maintains a record of all activity by both system and application processes and by user activity with any operating system(s), application(s), file system(s), or file(s) that stores or interacts with the Protected Material; agreement between parties as to specified vendor and data security technologies; liquidated damages provision for breach, secured by a bond or other security; access rights management; physical space and device

access and usage controls; or where applicable, incorporation of statutory or sectoral standards and specifications.

To the extent the Receiving Party or any person in possession of or transmitting another Party's Protected Material does not have an information security program, the Receiving Party may comply with this Data Security provision by having Protected Material maintained by and/or stored with a secure eDiscovery/litigation support site(s) or claims administrator that maintains an information security program that complies with the requirements above or otherwise aligns with standard industry practices regarding data security.

Any Protected Material in paper format must be maintained by the Receiving Party in a secure location with access limited to persons entitled to access the Protected Material under this Order. The Receiving Party will take reasonable steps to limit the number of copies that are made of another Party's Protected Material that is produced in paper format.

If a Receiving Party or any person in possession of or transmitting another Party's Protected Material discovers any loss of Protected Material or a breach of security, including any actual or suspected unauthorized access, relating to another Party's Protected Material, the Receiving Party or any person in possession of or transmitting another Party's Protected Material shall: (1) promptly provide written notice to the Designating Party of such breach; (2) investigate and make reasonable efforts to remediate the effects of the breach, and provide Designating Party with assurances reasonably satisfactory to Designating Party that such breach will not reoccur; and (3) provide sufficient

information about the breach that the Designating Party can reasonably ascertain the size and scope of the breach. The Receiving Party or any person in possession of or transmitting any Protected Material agrees to cooperate with the Designating Party in investigating any such security incident. In any event, the Receiving Party or any person in possession of or transmitting any Protected Material shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

In addition, experts and consultants can only access and review a Producing Party's documents on the Receiving Party's e-discovery vendor platform that is in compliance with §7.2.

7.3.    Disclosure of Confidential Protected Material. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Confidential Protected Material that is not Highly Confidential Protected Material only to:

7.3.1.  The Receiving Party's Outside Counsel of Record in this action, as well as employees of Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation.

7.3.2.  The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.3.3.  Experts (as defined in §2.7 of this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.3.4.  The Court and its personnel.

7.3.5.  Stenographers, court reporters, and videographers and other persons engaged in recording or transcribing hearings, trial testimony, or depositions conducted in this action, and their staffs.

7.3.6.  Professional jury or trial consultants including mock jurors who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who are hound to treat any material provided to them as confidential.

7.3.7.  During their depositions, witnesses in this action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.3.8.  The author or recipient of a document containing the Protected Material or a custodian or other person who otherwise possessed or knew the Protected Material.

7.3.9.  Any mediator who is assigned to this action, and his or her staff, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.4.  Disclosure of Highly Confidential Protected Material. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Highly Confidential Protected Material only to:

7.4.1.  The Receiving Party's Outside Counsel of Record in this action, as well as employees of Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation.

7.4.2.  Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment

and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in §7.5, below, have been followed.

7.4.3.  The Court and its personnel.

7.4.4.  Stenographers, court reporters, videographers, and other persons engaged in recording or transcribing hearings, trial testimony, or depositions conducted in this action, and their staffs.

7.4.5.  Professional jury or trial consultants including mock jurors who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who are bound to treat any material provided to them as confidential.

7.4.6.  The author or recipient of a document containing the Protected Material or a custodian or other person who otherwise possessed or knew the Protected Material.

7.4.7.  Any mediator who is assigned to this action and his or her staff, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.5.  Procedures for Approving or Objecting to Disclosure of Highly Confidential Protected Material to Experts.

7.5.1.  Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any Highly Confidential Protected Material, must first make a written request to the Designating Party that (1) identifies the general categories of Highly Confidential Protected Material that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence,

(3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) to the extent practicable and not violative of any pre-existing confidentiality or other obligations, identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years and the Party to the litigation for whom such work was done, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

7.5.2.  A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within fourteen (14) calendar days of delivering the request as provided in § 7.5.1, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

7.5.3.  A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within 10 calendar days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a "Pre-Motion Letter to Resolve Discovery Dispute" and the Parties shall submit a joint letter in accordance

with the Court's procedures for disputes relating to discovery matters and protective orders. In any such proceeding, the Party opposing disclosure to the Expert bears the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

## 8. **Protected Material Subpoenaed or Ordered Produced in Other Litigation**

8.1. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Confidential Protected Material or Highly Confidential Protected Material that Party must:

8.1.1. Promptly notify in writing the Designating Party. Such notification must include a copy of the subpoena or court order;

8.1.2. Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification must include a copy of this Order; and

8.1.3. Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If a Designating Party timely seeks a protective order or seeks to quash a subpoena, the Party served with the subpoena or court order must not produce any Disclosure or Discovery Material designated in this action as Confidential Protected Material or Highly Confidential Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission to produce the

subpoenaed Protected Material. The Designating Party bears the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. Any agreement by a Designating Party that Protected Material may be produced in response to a subpoena does not in any way waive the protections this Stipulated Protected Order provides against disclosure in any other litigation.

8.2.    The provisions set forth herein are not intended to, and do not, restrict in any way the procedures set forth in FED. R. CIV. P. 45(d)(3) or (f).

## 9.    A Non-Party's Protected Material Sought to be Produced in this Litigation

9.1.    Any discovery requests, including subpoena and deposition notices, propounded to Non-Parties must be accompanied by a copy of this Order.

9.2.    The terms, remedies, and relief provided by this Order are applicable to Disclosure or Discovery Material produced by a Non-Party in this action and designated as Confidential Protected Material or Highly Confidential Protected Material. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.3.    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

9.3.1.  Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party.

9.3.2.  Promptly provide the Non-Party with a copy of the Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested.

9.4.  If the Non-Party fails to object or seek a protective order from this Court within a reasonable period of time after receiving the notice and accompanying information, including but not limited to any contractual notice period in an agreement between the Producing Party and the Non-Party covering the confidentiality and/or disclosure of the information requested, the Producing Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.

**10.    Unauthorized Disclosure of Protected Material**

If a Receiving Party learns that, by inadvertence or otherwise, Protected Material has been disclosed to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment

and Agreement to Be Bound" that is attached hereto as Exhibit A. Experts subject to the requirements of this paragraph shall communicate with the Outside Counsel for whom they work to respond to any such request.

**11.    Miscellaneous**

11.1.    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2.    Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any Disclosure or Discovery Material on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11.3.    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.

**12.    Final Disposition**

Within sixty (60) calendar days after the final disposition of this action, as defined in §4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was

returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and Expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in §4. Each Receiving Party shall also ensure that any Protected Material that was provided by it to any Expert and/or Professional Vendor has been destroyed, and that such Expert and/or Professional Vendor has not retained any copies of such Protected Material, and shall confirm the same to the Producing Party (and if not the same person or entity, to the Designating Party) by the sixty (60) day deadline.

13.  **Other Proceedings**

By entering this Order and limiting the disclosure of Disclosure or Discovery Material in this case, the Court does not intend to preclude another court from finding that Disclosure or Discovery Material may be relevant and subject to disclosure in another case. Any person or Party subject to this order who becomes subject to a motion to disclose another Party's information shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that Protected Material should be disclosed.

## 14. <u>Sealed Documents</u>

Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with the first paragraph of this Order, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

SO ORDERED, this __14th__ day of ____January, 2025____, ~~XXX~~, by:

_____
United States District Judge
Southern District of New York


Agreed to form and substance by:


_____          _____
Counsel for Kwality Foods LLC          Counsel for Babco Foods International
                                       LLC, Everest Holdings Ltd., and Pure Ice
                                       Cream Co. LLC

**In the United States District Court**
**For the Southern District of New York**

| | | |
|---|---|---|
| Kwality Foods LLC, | § | |
|    Plaintiff | § | |
| | § | **Civil Action: 1:24-cv-3260** |
| v. | § | |
| | § | **(Jury Demanded)** |
| Babco Foods International LLC, *et* | § | |
| *al.* | § | |
|    Defendants | § | |

<u>**Exhibit A**</u>

<u>**Acknowledgment and Agreement to be Bound**</u>

I, _____declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of New York in the above-styled civil action. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Printed Name: _____

Title: _____

Address: _____

       _____

Signature: _____

Date: _____